CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 20 2008

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DWAYNE SHIFFLETT,<br>    Petitioner, | ) Civil Action No. 7:08-cv-00231<br>)<br>) MEMORANDUM OPINION |
| v. | )<br>) By: Samuel G. Wilson |
| UNITED STATES OF AMERICA,<br>    Respondent. | ) United States District Judge<br>) |

Petitioner, Dwayne Shifflett, a federal inmate proceeding pro se, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. However, Shifflett is not incarcerated in this district and, therefore, this court does not have jurisdiction to consider his claim under § 2241. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (the proper venue for a § 2241 petition is the district in which the petitioner is incarcerated). Accordingly, the court will dismiss his petition for lack of jurisdiction. Furthermore, the court will not construe his claims under any other statute because, to the extent he argues that his conviction was illegal at the time it was imposed, he has not submitted any evidence of having obtained certification from the United States Court of Appeals for the Fourth Circuit to file a second or successive § 2255 motion and, to the extent that he argues his conviction has since become illegal under a recent United States Supreme Court decision, his claim nevertheless fails on the merits.

To the extent Shifflett attempts to allege that his conviction under 18 U.S.C. § 924(c) was illegal at the time it was obtained, such a claim should be raised in a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The court notes that Shifflett has already filed a § 2255 motion and, therefore, would need to obtain permission from the Court of Appeals for the Fourth Circuit in order to file a successive § 2255 motion.[1]

---

[1] Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of the successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth

Moreover, to the extent he alleges that his conviction under 18 U.S.C. § 924(c) has become invalid under the United States Supreme Court's ruling in Watson v. United States, 128 S. Ct. 579 (2007), his claim fails on the merits.[2] In Watson, the Court held that "a person does not 'use' a firearm under § 924(c) when he receives it in trade for drugs." Id. at 586. In this case, Count Two of the indictment against Shifflett charges "[t]hat on numerous occasions . . . Shifflett did knowingly and intentionally possess firearms in furtherance of a drug trafficking offense . . . or did aid and abet . . . another in so doing."[3] At a guilty plea hearing, on May 26, 2005, Shifflett pled guilty to Count Two of the indictment.[4] Count Two does not allege the *use* of a firearm in the commission of the underlying offense, rather it charges *possession* of firearms. Accordingly, the ruling in Watson is not applicable to the charge set forth in Count Two and, therefore, Shifflett's argument has no merit. See United States v. Campbell, No. 07-20983-CR, 2008 U.S. Dist. LEXIS 4733 (S.D. Pa. Jan. 18, 2008); United States v. Manuel, No. 07-177, 2008 U.S. Dist LEXIS 819 (E.D. Pa. Jan. 7, 2008).

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to petitioner.

ENTER: This 20th day of March, 2008.

_____
United States District Judge

---

Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

[2] Section 924(c) permits the charging of a violation against anyone who: "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime – . . ."

[3] Count One of the Indictment charges Shifflett with conspiring to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. § 846. Shifflett pled guilty to this Count.

[4] At his plea hearing, the court asked Shifflett if he read Count Two of the indictment and whether he understood what he was being charged with, to which Shifflett responded affirmatively. The court then read Count Two to Shifflett and again asked him if he understood, to which Shifflett again responded affirmatively. When the court later asked Shifflett how he pled to Count Two, Shifflett responded, "Guilty."